IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANIEL YOUNG                                                                                           PLAINTIFF

VS.                                                                           CIVIL ACTION NO. 2:13cv300-FKB

J.G. KUFEL, Jail Administrator, and
ZELLA HEMPHILL, Correctional Officer                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Daniel Young brought this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to unconstitutional conditions and to excessive force at the Clarke County Jail. Presently before the Court is the motion of Defendants for summary judgment. Plaintiff has not responded to the motion. Having considered the motion, Plaintiff's sworn complaint, his testimony at the omnibus hearing, and the records and affidavits submitted in support of the motion, the Court concludes that the motion should be granted in part and denied in part.

Young's conditions-of-confinement allegations concern two separate periods during his pretrial detention at the Clarke County Jail. First, he complains that when he was first booked into the jail in September of 2011, he was placed in the "drunk tank" for two weeks because of his mental problems. During this period, he was allowed only two showers. The second period occurred in the fall of 2012, during which, according to Plaintiff, he was placed in lock down "at least a month." While in lock down, Young was confined to his cell and was allowed to leave for exercise only twice. He also complains that his cell did not have running water or working lights.

In support of their motion, Defendants have provided the affidavit of Harvey Hester,

a jailer, and documents from Plaintiff's jail file. These documents establish the following. Plaintiff escaped from custody on June 25, 2012, while on a work detail. He was captured and arrested that same day for escape and was booked again into the Clarke County Jail. On September 4, 2012, Young attempted to escape again, along with other inmates. During this attempt, Young and the other inmates broke a lock to a pipe chase adjacent to their cells and damaged heating and air ducts. Around this same time, Plaintiff also damaged other parts of his cell: He stopped up his toilet on several occasions with clothing and Styrofoam cups and plates, and he shorted out the electrical circuits while trying to light cigarettes. As a result of this conduct, Young was placed in lock down from September 4, 2012 until September 16, 2012. During this period, he was confined to his cell which, according to the drawing attached to Hester's affidavit, was 12' 7" by 4' 6" in size. Young was let out to get a shower and to use the telephone while in lockdown.

As a threshold matter, the Court finds that Young's claim that he was in locked down "for at least a month" and his estimate regarding the size of the cell do not create genuine factual issues on these matters. Hester's sworn statements are specific, and Young has not filed a reply challenging them. A party may not defeat summary judgment by raising merely "some metaphysical doubt as to the material facts," conclusory allegations, or unsubstantiated assertions. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Pretrial detainees have a due process right not to be subjected to jail conditions that are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). In order to succeed on a claim

under § 1983 alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009).  A punitive purpose may be inferred where the conditions are not reasonably related to a legitimate governmental interest. *Hamilton*, 74 F.3d at 105.  Young's placement in lock down was reasonably related to the jail administration's interest in maintaining order and security, and while perhaps not comfortable, the conditions there did not constitute a deprivation of Young's basic needs. Furthermore, his lack of running water and working lights appears to have been the result of his own acts of destruction in the cell.  Young has also failed to establish that his constitutional rights were violated by his initial placement in a holding cell, as he admitted that during this period he was having severe mental problems.  The Court concludes that Defendants are entitled to summary judgment on Plaintiff's conditions-of-confinement claims.

Young's remaining claim is one alleging the use of excessive force.  Young contends that Defendant Zella Hemphill, an officer at the jail, sprayed him with mace while he was in the holding cell.  Young states that he did nothing to provoke the spraying other than singing softly.  Hemphill denies that the incident ever occurred.  Young's version, if true, would establish a constitutional violation.  Hemphill is not entitled to summary judgment on Young's excessive force claim.

Accordingly, it is hereby ordered that the motion is granted as to Young's conditions-of-confinement claims, and J.G. Kufel is dismissed as a defendant.  This

matter will be tried solely on Young's claim of excessive force against Defendant Zella Hemphill.

So ordered, this the 10th day of March, 2014.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE